IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEANETTE GRACE STANDING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-336-L |
| | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## **O R D E R**

On January 24, 2014, Magistrate Judge Gary M. Purcell entered a Report and Recommendation in this action brought by plaintiff pursuant to 42 U.S.C. §405(g) for judicial review of the defendant Commissioner of the Social Security Administration's (Commissioner's) final decision denying plaintiff's applications for disability insurance and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416(I), 423, 1382. The Magistrate Judge recommended that the decision of the defendant Commissioner be affirmed.

The court file reflects that plaintiff filed a timely Objection to the Magistrate Judge's Report and Recommendation which the court has carefully considered.

Upon *de novo* review, however, the court finds that the the Report and Recommendation should be and is hereby adopted in its entirety.

The Magistrate Judge properly found that there is substantial evidence to support the ALJ's step five finding other jobs are available in the economy that plaintiff can perform.  The Magistrate Judge was correct in concluding that, in the absence of any specific job description in the DOT that the worker in the position of punch press operator is required to climb ladders, ropes, or scaffolds, this job is consistent with the ALJ's RFC restrictions of occasional climbing of stairs or ramps.  The court rejects plaintiff's argument that this was an illogical interpretation of the job description as written.  The court also concludes that the Magistrate Judge correctly found that the job of food service worker, identified by the VE, was consistent with the RFC restriction of no contact with the general public.

The court does not agree with plaintiff's contention that the Magistrate Judge improperly engaged in *post hoc* rationalization of the ALJ's failure to mention plaintiff's Red Rock treatment record; rather, the Magistrate was correct in reasoning that the treatment record was not significantly probative evidence and thus its omission by the ALJ does not constitute reversible error.  The court also concurs with the conclusion of the Magistrate Judge that the ALJ's findings provide a sufficient basis for the ALJ's reasons for assigning little weight to the opinions of Dr. Hill.

Thus, upon *de novo* review, the court finds that the Report and Recommendation should be and is hereby adopted in its entirety. Accordingly, the decision of the Commissioner to deny plaintiff's applications for disability insurance and supplemental security income benefits is **AFFIRMED.**

It is so ordered this 29th day of April, 2014.

_____
TIM LEONARD
United States District Judge